By the Court, Beardsley, J.
On the trial of this cause the plaintiffs gave no evidence of title in themselves, nor did they attempt to prove their possession to be rightful. They relied, as they had a right to do, on their actual possession of the land; for that is enough against any one but the rightful owner. As the defendant had not interposed a plea or notice of title, he was precluded from all evidence drawing that in question. But as the plaintiff sought to recover on the ground of a naked possession of the land, that was a fact which the defendant had a right to contest and disprove if he could. Evidence of this character does not draw the title to land in question, and the fact of possession is one which a justice has an unquestionable right to try.
The statement of what testimony was offered by the defendant at the trial, is not very clear, but the ground on which it was rejected sufficiently shows the nature of it. I understand the offer was to show that the defendant, and not the plaintiffs, was in the actual possession of the locus in quo, at the time of the alleged trespass, and that the defendant had been in possession for a long time; and the testimony was excluded, as I read the return, because it would draw the title in question. But in this the justice was ¡mistaken. The proposed testimony related *539 to the fact of possession, irrespective of title, and should have been received. If the defendant was in actual possession, as he offered to show, that was of course fatal to the plaintiffs’ action. (See Campbell v. Arnold, 1 Johns. Rep. 511, 512; Wickham v. Freeman, 12 id. 183; Van Rensselaer v. Radcliffe, 10 Wend. 639 ; Cowen's Tr. 370, 1.)
The revised statutes declare that a justice of the peace shall have no cognizance of any action “ where the title to land shall in any wise come in question as hereinafter provided;” (2 R. /S'. 226, §4;) and they afterwards point out the manner in which title may come in question so as to exclude the jurisdiction of the justice. (Id. 237; 8, §§ 59 to 63.) But in my opinion the term title, as used in the statute, does not embrace the fact of possession, nor any right founded on possession alone.
Undoubtedly, possession is a necessary ingredient in a complete title to land, for such title has several stages or degrees, viz. 1st. Mere possession or actual occupation, without pretence of right; 2d. The right of possession, which one man may have while another has the possession in fact; and, 3d. The mere right of property, which may exist without possession or the right of possession. (2 Black. Comm. 195 to 199.) These being united constitute what Blackstone calls a “ completely legal” title. (Id. 199.)
But the term “ title,” as used in the statute under consideration, does not embrace these different degrees or stages of right. It is limited to the right of possession ; for where that is in question before a justice, he has no jurisdiction of the case. The defendant is precluded from all evidence on that point, and can only raise the question by plea or notice, in which case the action must be discontinued; and if the plaintiff’s case requires such evidence on his part, it cannot be received, but the cause must be dismissed.
In short, I understand the word “ title,” as used in the statute, to mean precisely what it means in reference to the common law action of ejectment. It is synonymous with the right of possession. That is the title which is tried in the common law action of ejectment, and that is the right which may be *540 pleaded to oust the jurisdiction of a justice. It does not embrace the idea of possession i?i fact, nor that of the mere right of property. The latter cannot be material in the action of trespass, nor in that of ejectment at common law. It is a right to be tried only in a real action; at least it was so until the revised statutes extended the remedy by ejectment to such cases. (Adams On Bjectm. 10.)
If the question of actual possession is to be regarded as a question of title, within the meaning of the statute under consideration, let us see to what it must lead. The plaintiffs here attempted to recover on the ground of possession in fact, and they went into testimony for that purpose. If this brought the title in question, the cause should have been dismissed on their own showing; (2 R. S. 237, § 63;) and therefore the judgment in their favor was erroneous. A question'of mere possession, however, is not one of title. The justice properly received evidence tending to establish the plaintiffs’ possession; but he erred in overruling the defendant’s offer to disprove what the plaintiffs had thus attempted to establish.
I think the judgment of the common pleas is right, and that it should be affirmed.
Judgment affirmed.